PROB 12B
(REVISED 5/2011)

# United States District Court
for
## Middle District of Tennessee

## Petition to Modify the Condition or Term of Supervision

Name of Offender: <u>Benny Lay</u>  Case Number: <u>1:02-00005-04</u>

Name of Judicial Officer: <u>Honorable William J. Haynes, Jr., Chief U. S. District Judge</u>

Date of Original Sentence: <u>October 23, 2003</u>

Original Offense: <u>21 U.S.C. § 846 Conspiracy to Manufacture, Distribute, and Possess with Intent to Distribute Methamphetamine</u>

Original Sentence: <u>110 months' custody and 4 years' supervised release</u>

Type of Supervision: <u>Supervised Release</u>   Date Supervision Commenced: <u>November 10, 2009</u>

Assistant U.S. Attorney: <u>Lynne T. Ingram</u>   Defense Attorney: <u>Thomas J. Drake, Jr.</u>

### PETITIONING THE COURT

■ To modify the release conditions as follows:

1. The defendant shall abstain from the use of alcohol and shall not possess or allow alcohol to be present on his person, vehicle, or any area under his immediate control for four (4) months.

2. Electronic monitoring, which shall include the use of an approved alcohol detection component, shall be used to monitor compliance. The defendant shall pay the costs of electronic monitoring at the prevailing rate according to his ability to pay as determined by the probation officer.

3. The defendant shall not enter or remain in any establishment where the primary business is the sale or consumption of alcohol.

THE COURT ORDERS:
☒ A hearing to consider the modification is scheduled for: _January 28, 2013 at 1:30 pm_
☐ No Action
☐ The extension of supervision as noted above.
☐ The modification(s) as noted above.
☐ Other

I declare under penalty of perjury that the foregoing is true and correct. Respectfully submitted,

_Joshua Smith_
U.S. Probation Officer

Considered this ___ day of _____, 2012, and made a part of the records in the above case.

_William J. Haynes, Jr._
Chief U. S. District Judge

Place   <u>Nashville, Tennessee</u>

Date    <u>December 11, 2012</u>

## ALLEGED VIOLATIONS

The probation officer believes that the offender has violated the following condition(s) of supervision:

Violation No.   Nature of Noncompliance

1.   **The defendant shall not commit another federal, state or local crime.**

   Mr. Lay was arrested on November 7, 2012, and charged with Driving Under the Influence and Implied Consent. According to the affidavit, Mr. Lay was pulled over for speeding. He appeared unsteady on his feet. He had red and glossy eyes, a dry mouth, slurred speech, was stuporous looking and there was an obvious odor of an alcoholic beverage coming from his person. He refused to consent to a field sobriety test. Copies of the arrest affidavits are attached for Your Honor's review.

**Compliance with Supervision Conditions and Prior Interventions:**
During his period of custody in the Bureau of Prisons, Mr. Lay completed the 500 hour Residential Drug Abuse Program for substance abuse. He began supervision on November 10, 2009, and is due to terminate supervision on November 9, 2013. A report was submitted to the Court on January 18, 2012, reporting that Mr. Lay tested positive for cocaine on January 12, 2012. As a result of the positive drug test, his drug testing was increased and he was referred for a substance abuse assessment. A substance abuse intake assessment was completed on March 23, 2012, and no treatment was recommended at that time.

Mr. Lay was employed at Champion Car Wash from November 2009 until August 2012. Due to a conflict with his supervisor, Mr. Lay resigned from his position. He has remained unemployed since August 2012. On August 6, 2012, Mr. Lay admitted to drinking heavily since quitting his job and was offered substance abuse treatment again. He refused the offer of treatment at that time.

On November 7, 2012, Mr. Lay was arrested for Driving Under the Influence and Implied Consent. His next hearing is scheduled for February 19, 2013. If convicted, this would be a felony conviction as he has been previously convicted of four Driving Under the Influence charges. He has nine previous alcohol related arrests from 1987 to 2001.

On November 10, 2012, Mr. Lay was presented with the proposed modification of supervised release conditions. He was advised that due to his longstanding substance abuse concerns and multiple Driving Under the Influence convictions, alcohol abstinence would aid in the treatment process. He refused to agree to the proposed modification, stating that he does not believe that he has a problem with alcohol. Mr. Lay claimed that only he knows when he has drank too much. He also denied intoxication during the evening of his arrest. He was, again, referred for substance abuse treatment on November 20, 2012.

**U.S. Probation Officer Recommendation:**
It is recommended that the offender's supervised release conditions be modified as indicated.

The U. S. Attorney's Office has been advised of the offender's noncompliance and the probation officer's request for the proposed modification.

Approved: _/s/ Britton Shelton_
   Britton Shelton
   Supervisory U.S. Probation Officer

PROSECUTOR: Harold Russell Taylor
DEFENDANT: Benny Joe Lay
VICTIM:

STATE OF TENNESSEE, COUNTY OF DAVIDSON
AFFIDAVIT
**DRIVING UNDER THE INFLUENCE
OF AN INTOXICANT
T.C.A. 55-10-401**
*.Mandatory Blood Draw%*

Personally appeared before me, the undersigned, [Select one] _X_ Commissioner ___ Metropolitan General Sessions Judge, the prosecutor named above and made oath in due form of law that [Select one] _X_ he ___ she [Select one] _X_ personally observed _X_ has probable cause to believe that the defendant named above on 11/07/2012 in Davidson County, did unlawfully drive or was in physical control of any automobile or other motor driven vehicle while under the influence of any intoxicant, marijuana, narcotic drug, or drug producing stimulating effects on the central nervous system and that *the probable cause is as follows*:

*Defendant's vehicle was observed by me from a stationary radar position traveling west on West End Avenue near 25th Avenue North and it appeared to be going faster than the posted 30 mph speed limit for that section of roadway. I confirmed my suspicions with the aid of my in-car radar unit and got a speed reading of 47 mph on the display unit. I made a u - turn with my emergency equipment on and noticed the vehicle was not slowing down for the my emergency equipment and continued for a couple of more blocks finally stopping on West End Avenue near 32nd Avenue South. Once I (Officer H. R. Taylor of the MNPD DUI squad) made contact with the defendant, he was asked to exit his vehicle at this point, he was unhand cuffed and he appeared unsteady; as well as; when walking or standing along. Once I made contact with the defendant / driver, it was discovered that the defendant was impaired i.e. red and glassy eyes, dry mouth, slurred speech, stuporous looking and obvious odor of an alcoholic beverage coming from his person. I than offered to him the opportunity to do the three standardize field sobriety tasks i.e. HGN, OLS and the WAT on the scene and he refused to do them. The defendant displayed enough indicators on the scene, that along with his earlier noted actions (see MPD form 132 for task signs), I developed the opinion that he had a B.A.C. of .08% or greater, his ability to safely operate a motorized vehicle was effected to some degree and I do think he should not have been in physical control this evening. I took him into custody for dui, read or recited to him the Tennessee Implied Consent law and requested he provide a blood sample for analysis due to it being mandatory because he had 4 prior dui arrest and conviction and the defendant refused. His blood was drawn at General Hospital with the sample being turned in to MNPD property room to be sent to the T B I lab for final analysis. Defendant had 2 prior 1st offense dui arrest - one in 11/25/1996 and 09/20/1998 and convictions here on 01/30/1997 in county 60 (Meigs) and county 51 (Lawrence), 3rd offense on 03/27/1999 and convicted on 03/16/2001 in county 60 (Meigs) and 2nd Offense on 03/06/2000 and a conviction on 03/2902/2001 in county 51 (Lawrence).*

Prosecutor: Harold Russell Taylor 0000001946

ARREST WARRANT

Information on oath having been made, that on the day and year aforesaid, and in the County aforesaid, the offense
of Driving Under the Influence A MISD, as aforesaid, has been committed and charging the defendant thereof, you are therefore commanded, in the name of the State, forthwith to arrest and bring the defendant before a judge of the Court of General Sessions of Davidson County, Tennessee, to answer the above charge.

Sworn to and subscribed before me on 11/07/2012 05:37:45 .

PROSECUTOR: Harold Russell Taylor
DEFENDANT: Benny Joe Lay
VICTIM:

STATE OF TENNESSEE, COUNTY OF DAVIDSON
AFFIDAVIT
**IMPLIED CONSENT**
**T.C.A. 55-10-406**
*Civil*

Personally appeared before me, the undersigned, [Select one] _X_ Commissioner ___ Metropolitan General Sessions Judge, the prosecutor named above and made oath in due form of law that [Select one] _X_ he ___ she [Select one] _X_ personally observed _X_ has probable cause to believe that the defendant named above on 11/07/2012 in Davidson County, after having been placed under arrest and thereafter having been requested by a law enforcement officer to submit to a test for purpose of determining the alcoholic or drug content of that person's blood and advised of the consequences for refusing to do so, did refuse to submit to the test and *the probable cause is as follows*:

*I took him into custody for dui, read or recited to him the Tennessee Implied Consent law and requested he provide a blood sample for analysis due to it being mandatory because he had 4 prior dui arrest and conviction and the defendant refused.*

Prosecutor: Harold Russell Taylor  0000001946
200 James Robertson Parkway
Nashville, Tennessee  37201
615 650-3656

ARREST WARRANT

Information on oath having been made, that on the day and year aforesaid, and in the County aforesaid, the offense
of  Implied Consent - Civil , as aforesaid, has been committed and charging the defendant thereof, you are therefore commanded, in the name of the State, forthwith to arrest and bring the defendant before a judge of the Court of General Sessions of Davidson County, Tennessee, to answer the above charge.

Sworn to and subscribed before me on 11/07/2012 05:38:07 .

Norman Harris
Judge of the Metropolitan General Sessions Court/Commissioner